Case number 16-3444 Adrian Anthony v. Shannon Swanson, et al. Argument not to exceed 15 minutes per side. Mr. David Alan Singleton, supervising attorney. And the case to be argued by Ms. Savory Price, a law student. Good morning. Good morning. You may proceed. For two years, Mr. Anthony suffered severe daily abdominal pain and near daily rectal bleeding as a result of his radiation poisoning. Mr. Anthony suffered cruel and unusual punishment when the defendants decided to only treat Mr. Anthony conservatively for two years. Not only did they not provide the colostomy that was recommended, but for two years, they did nothing other than a little more than Tylenol, hormones, and medical lay-ins. The defendants knew of Mr. Anthony's severe medical condition and continued to prescribe more of the same inadequate treatment. This more of the same inadequate treatment that was prescribed by the defendants did not alleviate Mr. Anthony's pain and suffering. And the question before us today is whether verified medical evidence is needed to tell a jury what is already obvious, which is that the conservative treatment of Tylenol, medical lay-ins, and hormones was not enough and inadequate for Mr. Anthony's chronic abdominal pain and nearly daily rectal bleeding. Is inadequate the same as deliberately indifferent and does that satisfy the subjective element of the requirement for denial of medical treatment? In other words, in really all of these cases, almost all of them, we get into the question of is it deliberate indifference or is it medical malpractice or is it negligence? So the question here, and you focused on inadequate treatment, how do you get from there to deliberate indifference and the subjective element of knowing and believing that it was inadequate? Your Honor, the fact that it went on for two years and there was no change in the dosage or anything gets it to that deliberate indifference. The Eighth Amendment protects against cruel and unusual punishment. This right is violated when one acts in a deliberate indifference to a serious medical need. Your client had received substantial medical treatment. Is your only contention that there was deliberate indifference was because he was not provided this colostomy surgery? Is that really the problem here? No, Your Honor. It's the fact that for two years, the defendants did nothing more or try anything different once they realized that their prescription of Tylenol, the medical lay-ins, and the hormones, which actually cause gynaclomastia, were not working. They continued on with that same treatment. And in the Westlake case, it also said that some treatment can be so woefully inadequate that it amounts to no treatment at all, and that is precisely what happened here with Mr. Anthony. How do you show here that the treatment was inadequate? In other words, do you have any medical expert testimony or medical support from any specialists or any medical practitioners attest that the treatment was not only inadequate, but maybe it was grossly inadequate since you're arguing deliberate indifference? No, Your Honor, and that's because Mr. Anthony's severe medical condition was obvious, and when it's obvious, there's no need for a verifying medical affidavit. Chronic abdominal pain and near-daily rectal bleeding is obvious, and once it is obvious, that eliminates the need for verifying medical evidence. We have other treating doctors say that what they did wasn't terribly wrong in light of his condition, and so the issue is medically disputed, and we don't have anything to the contrary. And I can't tell, as a layperson, whether your client was treated inappropriately or not, so don't you have a problem without any medical backup to this argument? Your Honor, no, because the fact that the physicians prescribed lay-ins insinuating that Mr. Anthony was disabled, saying that he could not stand for longer than 15 minutes at a time and that he needed his bed rest, that insinuates that this was a serious medical need and that it was obvious that he could not stand. But isn't the, help me here, usually we get the obviousness question when the doctors have done nothing, and you say, well, would it have been obvious that there was a problem? Here, they clearly understood there was a problem, you didn't like the treatment, he didn't like the treatment that he got at least some of the time, but I did, and if you have cases, help me, that obviousness meets what Judge Clay said where you have medical evidence on one side and none on the other. I thought obviousness went to, did the doctors know anything at all? You have somebody who's having heart palpitations, and it should have been obvious that they should do something for him, and then they just ignored it. So can you help me there in that distinction? Do you have a case that addresses obviousness as a matter of the medical accuracy of their actions? Your Honor, there is no bright line rule for what is obvious. However, the fact that it was the two years of the chronic abdominal pain and the near daily rectal bleeding that goes to show that what they were doing was not working, it was not adequate, and therefore for them not to even suggest an increase in his dosage of the Tylenol or any of the other hormones or painkillers that they prescribed, that goes that that was a deliberate indifference when there was a known procedure that would have ended or alleviated some of his pain and suffering. But that known procedure really is just the colostomy, right, not the Tylenol or whatever? That is. Because you sort of first say, well, he should have done something, but the specific of what he wanted was the colostomy. Your Honor, it's not even that they could have done the colostomy. They didn't offer anything. The only option on the table was the colostomy, and the fact that it was an option on the table goes to the fact that it was an appropriate procedure for Mr. Anthony to have had. It was inappropriate. Yes, it was an appropriate procedure.  Your Honor, that he did request something to alleviate his pain. However, throughout the record, it shows that while they did try to prescribe prednisone and Prolisac, that also went to him growing the gynecomastia. And then they discontinued that. So back again, we're with the adult diapers, the medical bands. Your Honor, you said, well, they could have. I didn't know if you were specifically saying he had asked for more Tylenol and they didn't give it to him, or you were just saying that was something that they might have done. Correct. They could have tried something more than what they did, and they did not. As for the surgery, I mean, one reason I would have thought you'd need a medical expert is all surgeries come with risks. I mean, there's some risk it won't go well and things will get worse. And then there's some risk that they'll solve the problem, but it will come with these other symptoms. Don't you need an expert to compare the before, the problems he had, with the risks associated with the surgery and some of the problems you're still going to have after the surgery? Why wouldn't you need an expert for that? Your Honor, because for two years this was going on to prove that what they were doing was not adequate. That shows the first part, but we have to compare it to the nirvana solution, and we have to confirm it really is nirvana, right? Colostomies are, in most cases, people don't want them. There's a lot of problems with them. So don't you need the expert to talk about how this works and it's a painful procedure, it can go wrong, whatever else? And the record shows that they did, the physicians did go over the procedure of a colostomy with Mr. Anthony and that he understood the risk, he understood the procedure. And according to the defendant, he, Defendant Swanson, he did not, he rejected the colostomy. However, that goes to show that at one point that the doctors did in fact recommend or suggest that he take that procedure. And that within itself is a genuine issue of material fact for one of the defendants to say that, yes, he rejected the colostomy, and then to have Mr. Anthony saying that it was never even an option for him. But he did understand the risk and everything that comes with the colostomy, and after two years of his pain and suffering, he would rather go through that than to continue on with it. Yeah, but it's not just his choice. It has to be, that's the objective side of it. You have to have objective evidence that it really would have alleviated the cruel and unusual punishment. That is correct. While we do not look to the preferred treatment, some treatment should have been done more than what was prescribed for two years. Once, two years is a long time to go on with the same treatment without depreciating in the dosage or anything like that. Two years of the exact same thing with no alleviation of the pain is much. Thank you. All right. If you're done, thank you very much. Thank you. Good morning. I am Nicholas Aceto, and I'm arguing today on behalf of Appley, Dr. Daniel Cherry. This court has very carefully identified and distinguished two types of claims alleging deliberate indifference to medical care. On the one hand, there are those claims that allege the denial or delay of any medical treatment, like in Blackmore v. Kalamazoo County, where the inmate was complaining about abdominal pain for two days before anybody did anything about it. In those cases, the constitutional violation is the denial or delay of any treatment, and that can be proven by showing that the condition was so obvious that even a layperson could have identified it. But then there is another subset of cases. Those claims allege the denial or delay of a specific type of treatment, or that generally allege that the treatment provided was inadequate, like in Blosser v. Gilbert, Santiago v. Ringel, and most recently in King v. Alexander. In those types of cases, the constitutional violation is the effect of the denial or delay in not receiving the specific or different treatment. To make that showing, this court has repeatedly held that a plaintiff must come forth with expert medical testimony that establishes the detrimental effect of not receiving the specific or alternative treatment. Here, Mr. Anthony's claims fall in this second category. He alleges he was denied a specific type of treatment, a colostomy, and as a result, his preexisting condition worsened. His claim, therefore, falls right in line with the case with Blosser, Santiago, and King, and because it does, he was required to put forth expert medical testimony that established the failure to give the specific treatment he wanted, the colostomy, and show that it had a detrimental effect on his condition. He didn't, and for that reason, the district court properly dismissed the claim. This all involves the objective component of the constitutional claim here, and what Mr. Anthony is trying to do is he's wanting to choose the standard, the obviousness standard, and then allow that to dictate his claim. That's what the plaintiff tried to do in the King case, and this court rejected it. What you're supposed to do is identify the type of claim, whether it is a Blackmore-type claim or a Blosser-Santiago-King-type claim, and if it is the latter, then you apply the appropriate standard, and here the standard requires that they come forth with expert medical testimony. I'm prepared to answer any questions if the panel has any. Apparently, we do not have any. Thank you very much. Thank you. Any rebuttal? We are not arguing that the effect of the delay was detrimental to Mr. Anthony. We are arguing that two years of pain and suffering is enough. Blackmore states that pain is enough, not that his condition got worse, just that the two years of the pain was enough. I'm not following that point. I mean, lots of people have chronic conditions or conditions that are both acute and chronic experience pain, so pain in and of itself doesn't provide us with a lot of guidance unless it was medically unnecessary, and then you need an expert witness to show that it would seem. We are arguing that Mr. Anthony's chronic abdominal pain and near-daily rectal bleeding for two years is obvious, so there's no need for a medical expert, and we're not arguing that his condition got worse because he was not offered the colostomy. We are arguing that, as stated in Blackmore, your condition does not have to get worse, but pain, if it's pain such as... You've exactly hit Blackmore, and your colleague has said there are two types of cases. Blackmore, he didn't get any treatment, and the problem is that it's not cruel and unusual punishment to have pain even for two years. It's cruel and unusual punishment for them to be deliberately indifferent to that pain and not offer treatment. Isn't that really the problem? Yes, and we're arguing that the treatment provided by the defendants was so woefully inadequate that it amounted to no treatment at all. Thank you. All right, thank you very much. Thanks for submitting.